UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOHN DAVID WOODY,

        Plaintiff,

v.

P. ERICKSON et al.,

        Defendants.
_____/

Case No. 2:22-cv-140

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint[2] indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Defendants Erickson, Viitala, Pelky, Huss, Robare, Hoult, Auge, and Bush because Plaintiff has failed to state a claim against them. Plaintiff's Eighth Amendment failure to protect claim against Defendant Johnson remains in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Plaintiff filed his amended complaint on August 8, 2022. (ECF No. 5.) The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within 21 days after service of the complaint. *See* Fed. R. Civ. P. 15(a)(1). Because Defendants have not yet been served, Plaintiff was entitled to amend his complaint as of right. Plaintiff's amended complaint (ECF No. 5) is, therefore, the operative pleading in this matter.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in Lenox Township, Macomb County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Warden E. Huss, Assistant Deputy Wardens K. Pelky and J. Hoult, Resident Unit Managers P. Erickson and D. Viitala, Prison Counselor E. Johnson, Inspectors Unknown Auge and Unknown Bush, and Psychiatrist Unknown Robare.

Plaintiff alleges that on May 15, 2019, he was stabbed by inmate Smith. (ECF No. 5, PageID.19.) Plaintiff contends that it is "well known and documented throughout [the Baraga Correctional Facility (AMF)] and MBP because AMF let it be known from our ticket history on said day of incident that we would be [separated]." (*Id.*)

On January 4, 2022, Defendant Erickson stopped by Plaintiff's cell and told him that she wanted to speak to him. (*Id.*) Plaintiff was pulled out of his cell and placed in a caged room on the other side of the housing unit. (*Id.*) Defendant Erickson told Plaintiff that inmate Smith had been transferred to MBP and that there was a "hit on [Plaintiff's] head." (*Id.*) She learned that by reading JPay messages and listening to phone conversations. (*Id.*) Plaintiff asked to be kept separate from inmate Smith because of their history at AMF. (*Id.*) Defendant Erickson stated, "Ok." (*Id.*) Plaintiff was then escorted back to his cell. (*Id.*)

Three days later, Defendant Johnson came to see Plaintiff and told him that he was being released to general population. (*Id.*) Plaintiff asked Defendant Johnson if Defendant Erickson had told him about Plaintiff's request to be separated from inmate Smith. (*Id.*) Defendant Johnson responded, "Yeah, I'm sending you where you can lay back." (*Id.*) Plaintiff signed the release

4

paperwork. (*Id.*) He contends, however, that he was placed on the same tier and yard as inmate Smith, and that inmate Smith and another inmate, Banard, "rush[ed]" him. (*Id.*)

Plaintiff contends that all other Defendants were members of the Security Classification Committee (SCC) and were present for all of his meetings with the SCC each month and week. (*Id.*) He avers that they are responsible for his placement because it is "well documented on [his] SCC reports and [his] file that [he] shouldn't be[] placed around [inmate] Smith after [their] 2019 incident." (*Id.*) He alleges that all Defendants failed to protect his "physical well being." (*Id.*)

Based on the foregoing, Plaintiff asserts violations of his Eighth Amendment rights premised upon Defendants' failure to protect him from the 2022 assault by inmates Smith and Banard. Plaintiff does not specify what relief he seeks in his amended complaint. In his initial complaint, Plaintiff sought compensatory and punitive damages. (ECF No. 1, PageID.5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

5

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted *supra*, Plaintiff asserts Eighth Amendment failure to protect claims against all Defendants.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of*

*Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To establish a violation of this right, Plaintiff must show that each Defendant was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

Here, nothing in Plaintiff's amended complaint, as pled, permits the Court to conclude that Defendants Erickson, Viitala, Pelky, Huss, Robare, Hoult, Auge, and Bush were aware of and consciously disregarded an excessive risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67. Plaintiff alleges that on January 4, 2022, he spoke to Defendant Erickson about his concerns with inmate Smith and asked that she keep them separated. (ECF

7

No. 5, PageID.19.) Defendant Erickson responded, "Ok." (*Id.*) Plaintiff's amended complaint is devoid of facts from which the Court could infer that Defendant Erickson was responsible for placing Plaintiff in the same general population unit as inmate Smith on January 7, 2022. Moreover, although Plaintiff seeks to hold Defendants Viitala, Pelky, Huss, Robare, Hoult, Auge, and Bush liable because of their involvement in the SCC, nothing in the amended complaint suggests that they personally placed Plaintiff in the same unit as inmate Smith. The amended complaint, as pled, contains no facts from which the Court could infer that Defendants Erickson, Viitala, Pelky, Huss, Robare, Hoult, Auge, and Bush were aware that Plaintiff and inmate Smith had been placed in the same unit and failed to protect Plaintiff from the assault by inmates Smith and Banard. Therefore, nothing in the amended complaint allows the Court to infer that these Defendants consciously disregarded a risk to Plaintiff's safety. Consequently, Plaintiff's Eighth Amendment failure to protect claims against Defendants Erickson, Viitala, Pelky, Huss, Robare, Hoult, Auge, and Bush will be dismissed.

With respect to Defendant Johnson, Plaintiff alleges that on January 7, 2022, Defendant Johnson came to Plaintiff's cell and told him that he was releasing Plaintiff to general population. (ECF No. 5, PageID.19.) Plaintiff told him about needing to be separated from inmate Smith. (*Id.*) Defendant Johnson responded that he was sending Plaintiff "where [he could] lay back." (*Id.*) Plaintiff agreed to be released to general population. (*Id.*) He was, however, placed in the same unit as inmate Smith and was subsequently "rush[ed]" by inmates Smith and Banard. (*Id.*) Although Plaintiff has by no means proven deliberate indifference, taking his allegations as true and in the light most favorable to him, the Court may not dismiss Plaintiff's Eighth Amendment failure to protect claim against Defendant Johnson on initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Erickson, Viitala, Pelky, Huss, Robare, Hoult, Auge, and Bush will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment failure to protect claim against Defendant Johnson remains in the case.

An order consistent with this opinion will be entered.

Dated:  March 10, 2023 /s/ *Maarten Vermaat*
          Maarten Vermaat
          United States Magistrate Judge